UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Derek Knorr, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>The United States Securities and )<br>Exchange Commission., )<br>)<br>Defendant. ) | Case: 1:16-cv-00610<br>Assigned To : Unassigned<br>Assign. Date : 4/1/2016<br>Description: Pro Se Gen. Civil ( F Deck) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, seeks "mandamus" against the U.S. Securities and Exchange Commission ("SEC"), Compl. at 1, but he later states that "this case is not about [his] needing to force Defendant into a cause of action [because] Defendant has already performed the action," *id.* at 4. Plaintiff alleges that he submitted a whistleblower complaint to the SEC, which in turn imposed more than $1 million in sanctions against an entity based on his complaint. According to plaintiff, however, defendant told him " 'We didn't use your whistleblower claim.' " *Id.* Thus, plaintiff contends, "this case is about what powers the Court has, short of a time consuming Civil Trail [sic], to compel a Federal Department to make record of accountability concerning their own actions." *Id.* The answer is none based on plaintiff's tenuous allegations.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). Plaintiff has not satisfied that pleading standard.

1

2

Furthermore, the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable here, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995)) (other citation omitted). *See also* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted). A separate order of dismissal accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

Date: March 30, 2016